UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PMG,

　　　　　*Petitioner*,

　　v.

LUIS SOTO et al.,

　　　　　*Respondents*.

No. 26-cv-5337 (MEF)

ORDER

\*　　\*　　\*

For the purposes of this brief Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*　　\*　　\*

The case in a nutshell.

The Petitioner was ordered released from immigration detention in April. See Amended Petition for Writ of Habeas Corpus ("Amended Petition") ¶ 3 (ECF 20); Petition for Writ of Habeas Corpus, Exhibit 1 (ECF 1-3) at 2-3. A few weeks later, he was detained again and told that the Respondents planned to remove him to Sierra Leone. See Amended Petition ¶ 3. He then moved to re-open his immigration proceedings, and the motion was granted. See Petitioner's June 11, 2026 Letter (ECF 17); Order of the Immigration Judge (ECF 17-1) at 1; Respondents' June 12, 2026 Letter (ECF 18) at 1.

In light of the above, the parties agree that the Petitioner cannot be lawfully detained under 8 U.S.C. § 1231 --- as he is no longer subject to a final order of removal. See Amended Petition ¶ 3; Respondents' June 12, 2026 Letter at 1.

But they disagree about the provision under which he is currently detained.

The Respondents argue that the Petitioner "is now subject to mandatory detention [under 8 U.S.C.] § 1225(b)(1)." Respondents' June 12, 2026 Letter at 1; see Expedited Answer to § 2241 Petition (ECF 22) at 1-2.

The Petitioner disagrees, see Amended Petition ¶¶ 42-52 --- and argues that he can only be lawfully detained under 8 U.S.C. § 1226(a).

The Court's conclusion: The Petitioner has it right.

\* \* \*

8 U.S.C. § 1225(b)(1) "mandate[s] detention of . . . [specified non-citizens] until certain proceedings have concluded." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018) (plurality opinion). Specifically, it provides that non-citizens who establish a "credible fear of persecution . . . shall be detained for further consideration of the[ir] application[s] for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). This suggest that "[o]nce those proceedings end, detention under [§ 1225(b)(1)] must end as well." Jennings, 583 U.S. at 297 (plurality opinion).

Here, an immigration judge has already determined that the Petitioner is "ineligible for asylum." In re PMG (ECF 4-3) at 8. He has been ordered removed from the United States, and the only question on the table is the country he will be removed to. The asylum proceedings are over. Therefore, the Petitioner cannot be detained under Section 1225(b)(1). See Jennings, 583 U.S. at 297 (plurality opinion) ("Once [asylum] proceedings end, detention under [§ 1225(b)(1)] must end as well.").

So the authority for the Petitioner's current detention, "if it exists, must derive from 8 U.S.C. § 1226." De Aguiar v. Rokosky, 2026 WL 1123571, at *2 (D.N.J. Apr. 17, 2026).

"And insofar as the Petitioner is being held under Section 1226(a), he is entitled to a bond hearing." Id. (collecting cases).

A bond hearing shall be conducted before an immigration judge on or before July 13 at 11:00am, unless by July 10 at 3:00pm the Respondents file a letter explaining that the Petitioner has asked to adjourn the bond hearing. The Respondents shall file a status update letter on or before July 14 at noon. The United

States Attorney's Office shall immediately file a letter on the Court's public docket if this Order is violated.

IT IS on this 9th day of July, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

3